[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On April 25, 1998, Steven Kleingers was arrested and charged with operating a motor vehicle while under the influence of alcohol and/or a drug of abuse, a violation of R.C.4511.19(A)(1). After failing an intoxilyzer test, Kleingers was also charged with operating a motor vehicle with a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath, a violation of R.C.4511.19(A)(3). In addition, Kleingers was cited for two violations of the Cincinnati Municipal Code. Each charge was docketed under a different case number, ranging from 98TRC-56142A through 98TRC-56142D.
Kleingers filed a motion to suppress his post-arrest statements, and the trial court granted the motion. The city prosecutor appealed the trial court's decision pursuant to R.C.2945.67. In accordance with Crim.R. 12(J), the prosecution certified that, without evidence of Kleingers's statements, the proof with respect to the R.C. 4511.19(A)(1) charge would be so weak that any possibility of effective prosecution would be destroyed. This court affirmed the suppression of Kleingers's statements.[1] Kleingers then moved to dismiss the driving-under-the-influence charge, which the city did not oppose, and the trial court granted the motion. Kleingers subsequently moved to dismiss all remaining charges pursuant to R.C. 2945.73, arguing that he had not been tried on these charges within the statutory time limit. The trial court granted the motion to dismiss, and the city has appealed.
At issue on appeal is whether prosecution of the remaining charges against Kleingers was stayed during the appeal of the suppression of Kleingers's statements. Although the evidence that was suppressed only pertained to the violation of R.C. 4511.19(A)(1), the prosecution asserts that it requested a stay on the remaining charges in the trial court. Unfortunately, the record does not reflect that a stay was granted, only that one was requested. Kleingers argues that because a court speaks only through its journal, no stay can now be recognized.
We find Kleingers's argument persuasive. The record reflects confusion on the part of the trial court about whether the remaining charges were included in the appeal to this court. As stated above, however, those charges were not on appeal. The prosecutor requested a stay on the charges, and planned to proceed with them after the disposition of the appeal. However, it was incumbent upon the prosecutor to ensure that a stay was granted, not simply requested. If the motion for a stay had been ruled upon and granted, and an appropriate order journalized, no confusion would have resulted. But, on the state of this record, the trial court's conclusion that the remaining charges had not been stayed, and that therefore Kleingers had not been brought to trial within the statutory time limit, must stand.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
 To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 __________________ PRESIDING JUDGE DOAN
[1] State v. Kleingers (June 25, 1999), Hamilton App. No. C-980764, unreported.